UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:22-CR-00126-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KENDRICK D ALEXANDER (01)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## ORDER

Before the Court is a "Motion for Early Termination of Supervised Release" (Doc. 2) filed by counsel for Defendant Kendrick D. Alexander. Counsel explains that Mr. Alexander has satisfied all conditions of his supervised release of which he has served two-thirds of his term.[1] Counsel also informs the Court that the United States Probation Officer will not object to the termination and additionally points out that Mr. Alexander was not convicted of a violent crime, has no conditions requiring any sort of programming or counseling, had no disciplinary infractions while incarcerated or on supervised release, and took advantage of numerous educational and vocational opportunities, including taking college level courses while incarcerated. Additionally, Defendant remarks that while incarcerated, he completed the RDAP program and became a mentor; he is gainfully employed, has a stable residence, and is actively involved with his family.

The Government opposes the Motion and provides a very different account concerning Mr. Alexander. The Government remarks that Mr. Alexander has provided no

---

[1] Defendant's term of supervised release end in November 2024.

evidence of verified continuous employment, community service, or any rehabilitative initiatives that are often seen in other requests for early termination. The Government reminds the Court of Mr. Alexander's significant criminal history that includes multiple prior drug felonies and a crime of violence that involved shooting a victim so that the victim would "learn not to disrespect him again in front of people."[2]

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),1 "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); accord *United States v. Johnson*, 529 U.S. 53, 59-60 (2000).

Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid

---

[2] PSR, ¶ ¶ 26-33.

unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

Early termination of supervised release is not an entitlement. *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id*.; *United States v. Luna*, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), aff'd, 747 F. App'x 561 (9th Cir. 2018).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); accord *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). Mere compliance with the terms of supervised release and with the law alone is not enough to merit early termination. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018).

The Government argues that several of the § 3553 factors weigh against early termination, considering that Defendant's employment was only provided after several requests by the United States Probation Office, and consists of a 1099 for one year of his supervision for year 2023. The Government remarks that Defendant's income is only for one year of his supervision and is unverified. The Government also notes that there is little evidence as to Defendant's income that allowed him to pay his $25,000 fine, nor can Defendant explain how he could pay to travel to Cabo San Lucas, the Dominican Republic,

Miami and Atlanta.[3] Additionally, the Government again reminds the Court that Defendant has a history of violence, and was convicted of Aggravated Assault.

After carefully considering the § 3553 factors, the Court is not inclined to grant Defendant's request for early termination of supervised release. Accordingly,

**IT IS ORDERED** that the Motion for Early Termination of Supervised Release is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 6th day of March, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The Government is also concerned that Defendant's instant drug offense, after two prior felony drug convictions involved seizure of over $60,000 in drug proceeds forfeited from his person.